UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LUCIA ZAMORANO, M.D., P.C.,

        Plaintiff,

v.

ROOFERS LOCAL 149—SECURITY
BENEFIT TRUST FUND, ET AL.,

        Defendants.
        _____/

Case No. 14-10565

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [30];
DENYING DEFENDANT ROOFERS LOCAL 149 SECURITY BENEFIT TRUST FUND'S
RENEWED MOTION TO DISMISS [31]; AND REMANDING TO ADMINISTRATIVE
REVIEW PROCESS**

    Plaintiff seeks to recover benefits allegedly owed to it pursuant to a patient's assignment of medical benefits under an insurance plan governed by the Employee Retirement Income Security Act (ERISA). On July 24, 2015, Plaintiff filed a Motion for Summary Judgment [Dkt. #30], to which Defendant filed a Response [32] on August 17, 2015. On July 27, 2015, Defendant filed a Renewed Motion to Dismiss [31], to which Plaintiff filed a Response [33] on August 17, 2015.

    For the reasons stated below, Plaintiff's Motion for Summary Judgment [30] and Defendant's Renewed Motion to Dismiss [31] are **DENIED**. Plaintiff's claim

1

for benefits is **REMANDED** to the administrative review process, to be treated as if Plaintiff timely appealed the denial of benefits.

## FACTUAL BACKGROUND

Plaintiff is a business entity associated with neurosurgeon Lucia Zamorano's medical practice. Defendant Roofers Local 149 Security Benefit Trust Fund (Defendant) is an ERISA plan fund. Defendant Alliance Health and Life Insurance Company provides medical coverage under the terms of the plan. Defendant BeneSys is a third-party administrator that processes claims under the plan.

In January 2013, Dr. Zamorano performed spinal surgical treatment on Araceli Medrano, who was covered under the plan through Raphael Medrano. Plaintiff alleges that it obtained an assignment of benefits under the plan from Mrs. Medrano. After the treatment, Plaintiff filed a claim with Alliance for $27,436 in reimbursement for the treatment costs. BeneSys processed the claim and sent Explanations of Benefits (EOBs) to Plaintiff and to Mrs. Medrano on May 28, 2013. The EOBs stated that the claim was denied because the medical records did not support the chosen treatment. The EOB sent to Mrs. Medrano explained the procedure for appealing the denial and notified her that if she did not appeal within 180 days, she would waive her right to seek review administratively or in court. The EOB sent to Plaintiff did not mention the appeals procedure or deadline. Plaintiff submitted an appeal of the denial on December 19, 2013—more than 180

days after receiving the EOB. BeneSys denied the appeal on the grounds that the 180-day deadline had expired.

Plaintiff filed its Complaint on July 17, 2013. On May 27, 2014, Defendant filed a Motion to Dismiss [15]. The Court held a hearing on the motion on December 5, 2014. On December 9, 2014, the Court issued an Order [21] dismissing Counts Two and Three of Plaintiff's complaint but denying the Motion to Dismiss with respect to Count One. The same day, the Court entered a Judgment [22] remanding Plaintiff's claim for benefits to the administrative review process.

On December 23, 2014, Defendant filed a Motion for Reconsideration [23]. On May 5, 2015, the Court issued an Order [24] denying Defendant's motion for reconsideration as to the Court's substantive ruling on Defendant's motion to dismiss, but granting reconsideration with respect to its order of remand. The Court vacated the Judgment [22]. The parties appeared for a conference on May 18, 2015. The same day, the Court issued a Scheduling Order [27], pursuant to which the parties filed the instant motions.

## ANALYSIS

When an ERISA administrator denies a claim for benefits, it must provide the participant or beneficiary who made the claim with written notice of the denial and afford a reasonable opportunity for full and fair review. 29 U.S.C. § 1133.

Pursuant to regulation, the written notice must include a "description of the plan's review procedures and the time limits applicable to such procedures." 29 C.F.R. § 2560.503-1(g)(1)(iv). If an administrator's denial notice does not substantially comply with 29 U.S.C. § 1133, the claim for benefits may be decided by the district court in the first instance or remanded to the administrator. *See Moyer v. Metropolitan Life Ins. Co.*, 762 F.3d 503, 507 (6th Cir. 2014) (citing *VanderKlok v. Provident Life & Acc. Ins. Co., Inc.*, 956 F.2d 610, 616–17 (6th Cir. 1992); *McCartha v. Nat'l City Corp.*, 419 F.3d 437, 444 (6th Cir. 2005) ("If the denial notice is not in substantial compliance with § 1133, reversal and remand to the district court or to the plan administrator is ordinarily appropriate.")).

Defendant previously moved to dismiss Plaintiff's claim on the grounds that neither Plaintiff nor Mrs. Medrano appealed the denial of the claim within the 180-day appeal deadline. Defendant argued that dismissal on this basis was appropriate, despite Defendant's failure to notify Plaintiff of the appeals deadline, because Plaintiff cannot prove it has ERISA standing and the accompanying right to notice. The Court rejected this argument at the motion to dismiss stage, holding that Plaintiff can prove its standing to sue as a plan beneficiary if it proves that it received a valid assignment of benefits from Mrs. Medrano. *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1277 (6th Cir. 1991) ("A health

care provider may assert an ERISA claim as a 'beneficiary' of an employee benefit plan if it has received a valid assignment of benefits.").

Plaintiff has produced a document signed by Mrs. Medrano and reading, in part, as follows:

> For insurance plans with which we participate, we will bill your insurance plan directly for all covered services. You will be billed later for any remaining balance (subject to any contractual limitations).
> …
> I understand that charges not covered by my insurance plan, as well as applicable co-payments and deductibles, are my responsibility. I authorize my insurance benefits to be paid directly to [Plaintiff]. I authorize [Plaintiff] to release pertinent medical information to my insurance company when requested, or to facilitate payment of a claim.

Defendant argues that this document is not a valid assignment of benefits of the type the Sixth Circuit contemplated in *Cromwell*.

Defendant relies on *Brown v. Blue Cross Blue Shield of Tenn.*, No. 1:14–CV–00223, 2015 WL 3622338 (E.D. Tenn. June 9, 2015) (unpublished). The *Brown* court, like this Court, acknowledged that a healthcare provider "may obtain derivative standing as a beneficiary if it receives an assignment of benefits from a patient who is a participant in the plan." *Id.* at *3 (citing *Cromwell*, 944 F.2d at 1277). The *Brown* court further acknowledged that "[t]here is no consensus among the federal courts regarding whether language providing for direct payment of

benefits constitutes an assignment for purposes of ERISA." *Id.* The *Brown* court concluded that such language is insufficient.

On the other hand, the Third Circuit recently held that language assigning a right to payment is sufficient to confer ERISA standing. *North Jersey Brain & Spine Center v. Aetna, Inc.*, 801 F.3d 369, 372–74 (3d Cir. 2015). In so holding, the Third Circuit noted that every United States Court of Appeals to have considered the question had reached the same conclusion. *Id.* at 373 (citing *Conn. State Dental Ass'n v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1352 (11th Cir. 2009); *Tango Transp. v. Healthcare Fin. Servs. LLC*, 322 F.3d 888, 889 (5th Cir.2003); *I.V. Servs. of Am. v. Inn Dev. & Mgmt.*, 182 F.3d 51, 54 n. 3 (1st Cir.1999); *Cromwell*, 944 F.2d at 1275; *Misic v. Bldg. Serv. Emps. Health & Welfare Trust*, 789 F.2d 1374, 1378–79 (9th Cir. 1986) (per curiam)). The Third Circuit further noted that its conclusion not only furthered the interest of keeping ERISA interpretation consistent across circuit lines, but also served ERISA's purpose of protecting the interests of ERISA plan participants by increasing their access to healthcare. *Id.* at 373–74.

The Court finds the Third Circuit's reasoning persuasive. Accordingly, the Court concludes that a plan participant or beneficiary's authorization of payment of her benefits directly to a healthcare provider as reimbursement for medical services confers on the provider derivative standing as a beneficiary to bring an ERISA

claim for the benefits. Here, Plaintiff has produced uncontested evidence that she authorized payment to Plaintiff in this manner. Plaintiff thus obtained derivative standing as a beneficiary. It was therefore entitled to notice of the procedure for appealing Defendant's denial of its claim for benefits. 29 U.S.C. § 1133; 29 C.F.R. § 2560.503-1(g)(1)(iv). Since Defendant did not provide such notice, Plaintiff's failure to appeal the denial of its claim within the 180-day deadline does not warrant dismissal of its claim.

The Court previously remanded Plaintiff's claim to the administrative review process. Counsel for the parties consented to this remand at the hearing on Defendant's original motion to dismiss. Plaintiff now argues that the Court must decide Plaintiff's claim for benefits without remanding to the plan administrator. As Plaintiff points out, at least one panel of the Sixth Circuit has interpreted *VanderKlok* to establish a rule that the proper remedy for a violation of 29 U.S.C. § 1133 is for the district court to accept additional evidence and then decide the claim for benefits itself, rather than remanding to the administrator. *University Hospitals of Cleveland v. South Lorain Merchants Ass'n Health & Welfare Benefit Plan & Trust*, 441 F.3d 430, 434 (6th Cir. 2006) (citing *VanderKlok*, 956 F.2d at 617). Plaintiff also acknowledges, however, that the *University Hospitals* decision ignored an earlier published decision in which the Sixth Circuit stated that "[i]f the denial notice is not in substantial compliance with § 1133, reversal and remand to

the district court *or to the plan administrator* is ordinarily appropriate." *McCartha*, 419 F.3d at 444 (emphasis added). The Sixth Circuit quoted this statement approvingly in a published 2014 decision, citing it—and *VanderKlok*—as support for the proposition that an administrator's failure to comply with § 1133 supports remand "to the appropriate body." *Moyer*, 762 F.3d at 507. The Court concludes that remand to the plan administrator remains an available remedy.

      The Court further concludes that it is the appropriate remedy. *See Shelby Cnty. Health Care Corp. v. Majestic Star Casino*, 581 F.3d 355, 373 (6th Cir. 2009) ("[W]here the plan administrator fails to comply with ERISA's appeal-notice requirements in adjudicating a participant's claim, the proper remedy is to remand the case to the plan administrator.") (citing *Gagliano v. Reliance Standard Life Ins. Co.*, 547 F.3d 230, 240 (4th Cir. 2008)). In *Moyer*, the plaintiff completed the administrative appeals process but was denied his right to judicial review because the administrator failed to notify him of the time limit for initiating such review. *Id.* at 504, 507. The Sixth Circuit concluded that the appropriate remedy was to remand to the district court so that the plaintiff could receive judicial review. *Id.* Here, Plaintiff was denied his right to complete *administrative* review because Defendant failed to notify it of the time limit for initiating an administrative appeal. The absence of complete administrative review has left the record incomplete. Accordingly, the Court remands Plaintiff's claim for benefits

to the administrative process, to be treated as if Plaintiff timely appealed the denial of benefits.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [30] and Defendant's Renewed Motion to Dismiss [31] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim for benefits is **REMANDED** to the administrative review process, to be treated as if Plaintiff timely appealed the denial of benefits.

**SO ORDERED**.

Dated: December 29, 2015

s/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge